Velis, Petera., J.

INTRODUCTION

The plaintiff in this matter, Jorge Diaz (“Diaz”) brought the underlying complaint against Massachusetts Mutual Life Insurance Company (“MassMutual”) alleging discrimination based upon age, race, national origin and disability. The plaintiff has moved this court to compel discovery of three items: 1) video or audiotapes which allegedly show the President and CEO of MassMutual making “ageist” remarks, 2) copies of any documents concerning any discrimination claim filed against MassMutual’s 1295 State Street office within the past ten years, and 3) copies of personnel files of employees in the plaintiffs department who have been promoted or suffered an adverse employment action within the last five years. For the following reasons, the plaintiffs motion to compel is DENIED in part and ALLOWED in part.

DISCUSSION

1. Standard for Discovery

Under Massachusetts rules, “any matter, not privileged, which is relevant to the subject matter involved” is discoverable. Mass.Rule.Civ.Pr. 26(b)(1). If such material is not itself admissible evidence, it must still be produced if it is likely to lead to discovery of admissible evidence. Id.

2. The Video/Audiotapes

The video or audiotapes plaintiff requests allegedly show CEO Robert O’Connell remarking at public meetings on the number of “gray heads” in the room and the need for MassMutual to get more “young MBA’S” into the company. The plaintiff has failed to show that these remarks reveal any discriminatory animus in regard to older workers. He has also failed to demonstrate how these remarks are relevant in any way to his own claims, or how they might lead to relevant evidence in support of his claims. As such the video/audiotapes are not discoverable and thus need not be produced.

3.Past Complaints of Discrimination

The plaintiff has alleged that numerous MassM-utual employees have been discriminated against based on age. He has also alleged specific instances of discriminatory animus based on his race/ethnicity and alleged disability. Prior complaints of discrimination made by other MassMutual employees are relevant to the plaintiffs assertion of discriminatory animus and may lead to admissible evidence. Thus these complaints are discoverable and must be produced.

4.Personnel Records of Department Employees

Similarly, records of employees who worked in the plaintiffs department and who may have been promoted or affected by an adverse employment decision are relevant to the plaintiffs claims of discriminatory practice at MassMutual. Thus these documents must be produced, subject to the protective order of February 12, 2004 issued by the Superior Court (Curley, J.).

ORDER

For the foregoing reasons, the plaintiffs motion to compel is DENIED in part and ALLOWED in part. The defendant is ORDERED to produce the required documents within ten days of the issuance of this order.